IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02281-CNS-KLM

RONALD RAYMOND ROGACKI,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF JEFF SHRADER;
WELLPATH, LLC;
JOHN O. BERTAGNOLLI, DDS, individually;
MONICA ALBERS, RN, individually;
COURTNEY SLOWEY, LPN, individually;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

    Defendants.

---

ORDER

---

Before the Court is Defendant Board of County Commissioners of Jefferson County's (the "Board's") Motion to Dismiss (ECF No. 57) the Amended Complaint (ECF No. 56). For the following reasons, the Board's Motion is DENIED.

## I. BACKGROUND[1]

A brief summary of this case's background suffices.[2] Plaintiff Ronald Raymond Rogacki was incarcerated at the Jefferson County Jail (the "Jail") as a post-conviction detainee (*See, e.g.,* ECF No. 56 at 7 ¶ 30). During the period of his incarceration, Mr. Rogacki suffered a sinus infection that resulted in several serious medical complications (*See id.* at 8-9 ¶ 38-39). Defendants failed to provide timely and adequate medical care for Mr. Rogacki's infection (*See, e.g., id.* at 10, 20, 25-28 ¶¶ 44, 96, 122-123, 134-35). At the time of his release from the Jail in January 2020, Mr. Rogacki had never been provided the necessary care for his medical conditions (*Id.* at 35 ¶ 176).

Mr. Rogacki filed his Amended Complaint in November 2022, bringing a claim against all Defendants, including the Board, under 42 U.S.C. § 1983 for violations of the Eighth Amendment, and a negligence claim against the Individual Defendants and Defendant Wellpath, LLC ("Wellpath") (*See* ECF No. 56 at 52-59). The Board moved to dismiss Mr. Rogacki's § 1983 claim against it in November 2022 (ECF No. 57). The Board's dismissal motion is fully briefed.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat*, 41 F.4th at 1207 (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the

---

[1] The background facts are taken from the well-pleaded allegations in Mr. Rogacki's Amended Complaint. *See, e.g., Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1203 n.1 (10th Cir. 2022).

[2] The Court previously summarized the allegations in Mr. Rogacki's earlier filed Complaint in its October 31, 2022 Order (*See* ECF No. 55). Allegations in Mr. Rogacki's Amended Complaint, the operative complaint, are substantially similar to the allegations contained in Mr. Rogacki's earlier filed Complaint.

plaintiff, to state a claim to relief that is plausible on its face. *See, e.g., Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

### III. ANALYSIS

The Board argues that dismissal of Mr. Rogacki's § 1983 claim against it is warranted because the Board is not the "correct entity for a suit alleging issues at the Jail" (ECF No. 56 at 3). Mr. Rogacki contends that dismissal of his claim against the Board is inappropriate at this stage of litigation (ECF No. 59 at 2). The Court agrees with Mr. Rogacki.

As the Court discussed in its October 31, 2022 Order, courts are split on the question of whether a sheriff in their official capacity is separately suable from a Board of County Commissioners, and what this means for § 1983 claims against a Board of County Commissioners (ECF No. 55 at 23 n.9). To be sure, the Board's argument that it is not a proper party in this action enjoys some support. *See, e.g., Est. of Blodgett v. Correct Care Sols., LLC*, No. 17-CV-2690-

3

WJM-NRN, 2018 WL 6528109, at *8 (D. Colo. Dec. 12, 2018) ("Under Colorado law, a board of county commissioners and a sheriff in the same county are distinct public entities . . . . Thus, a board of county commissioners has no control over the sheriff's employees and is not liable for negligent acts of the sheriff's employees." (citations omitted)); *Frazier v. Jordan*, No. 06-1333, 2007 WL 60883, at *6 (10th Cir. Jan. 10, 2007) ("Colorado state law does not hold the [Board of County Commissioners] responsible for the acts of the sheriff or staff of a detention center in its county.").

However, dismissal of § 1983 claims against a Board of County Commissioners—as an entity separately suable from a sheriff acting in their official capacity— is not warranted in every case. For instance, when a plaintiff alleges that a Board of County Commissioners was itself involved in setting or implementing a detention facility's allegedly unconstitutional policies, dismissal of the plaintiff's claims against the Board at the motion to dismiss stage is unwarranted. *See Est. of Lillis v. Correct Care Sols., LLC*, No. 16-CV-03038-KLM, 2018 WL 10954152, at *5 (D. Colo. Oct. 22, 2018) (granting plaintiffs' motion to amend because plaintiffs contended that the Board of County Commissioners, "not the Sheriff . . . [was] the responsible party for the wrongs alleged," and that "given this allegation . . . naming [the Board] as a party to the suit [was] not futile"). Indeed, *Blodgett* and *Frazier* recognize as much. *See Blodgett*, 2018 WL 6528109, at *8 (concluding plaintiff failed to allege facts supporting claim against "board of county commissioners" because the plaintiff "[did] not allege any involvement of a member of the board . . . any policy of the board, or any act by a decisionmaker of [the county]" (citation omitted)); *Frazier*, 2007 WL 60883, at *6 (affirming dismissal of claim against a board of county commissioners because plaintiff's amended complaint "fail[ed] to describe any policy or custom

4

in place at the [jail] or *implemented by* the [board] that violated [plaintiff's] constitutional rights" (emphasis added)).

Mr. Rogacki alleges that the Board both "participate[d] in the operation of the [Jail]," as well as that the Board, along with Wellpath and Defendant Shrader, failed to adequately train, supervise, or discipline the Jail's medical staff and encouraged a "custom of deliberate indifference" to inmates' medical needs (ECF No. 56 at 3 ¶ 14; *see also id.* at 5, 38, 49-50 ¶¶ 22, 193, 229, 232). Accepting these allegations as true and interpreting them in the light most favorable to Mr. Rogacki, *see Mayfield*, 826 F.3d at 1255, he has alleged sufficient factual content to survive the Board's dismissal motion. *Cf. Blodgett*, 2018 WL 6528109, at *8 (dismissing claim where the plaintiff did not allege "any policy of the board [of county commissioners]" supporting claim against it); *Frazier*, 2007 WL 60883, at *6 (dismissal was warranted where the plaintiff failed to "describe any policy or custom at the [jail] or *implemented by* the [board]" (emphasis added)).

Of course, as the Court stated in its October 31, 2022 Order, discovery may reveal that the Board was not involved in setting or implementing the Jail's allegedly unconstitutional medical policies (ECF No. 55 at 23 n.9). If so, dismissal of Mr. Rogacki's claim against the Board may be warranted at a later stage of litigation. *See Chavez v. Bd. of Cnty. Commissioners of Lake Cnty., Colorado*, 426 F. Supp. 3d 802, 814 (D. Colo. 2019) ("[B]y the time of summary judgment and/or trial, [p]laintiffs will need to explain clearly the policy at issue and the policymaker(s) to whom the policy is attributable."). However, the Court "do[es] not know what discovery may bring." *Chilcoat*, 41 F.4th at 1219. At the motion to dismiss stage, the Court is "tasked with assessing plausibility, not proof." *Id.* (citation omitted); *see also Dias*, 567 F.3d at 1178 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

5

improbable, and that a recovery is very remote and unlikely." (quotation omitted)). And, for the reasons set forth above, Mr. Rogacki has alleged sufficient factual content to sustain his § 1983 claim against the Board at this time.

## IV. CONCLUSION

Consistent with the above analysis, the Board's Motion to Dismiss (ECF No. 57) is DENIED.

DATED this 4th day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge