# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

    Plaintiff,

v.

BOARD OF COUNTY COMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF JEFF SHRADER;
WELLPATH, LLC;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

    Defendants.

---

## PLAINTIFF'S <u>UNOPPOSED</u> MOTION TO RESET DEADLINES IN SCHEDULING ORDER

---

The Plaintiff, through undersigned counsel, respectfully requests that the Court reset certain deadlines in the Scheduling Order as described below. In support, Plaintiff states as follows:

1.     The Scheduling Order [Doc. 77], as amended [Doc. 94], currently contains the following deadlines that are relevant herein:

- Plaintiff's affirmative expert deadline: June 14, 2024
- Defendants' affirmative expert deadline: July 19, 2024
- Rebuttal expert deadline: August 16, 2024
- Discovery cutoff: September 6, 2024
- Dispositive motions deadline: October 4, 2024

2. Plaintiff respectfully requests that the deadlines be reset as follows:

- Plaintiff's affirmative expert deadline: August 16, 2024
- Defendants' affirmative expert deadline: September 20, 2024
- Rebuttal expert deadline: October 25, 2024
- Discovery cutoff: November 8, 2024
- Dispositive motions deadline: December 6, 2024

3. This request is supported by good cause.

4. The parties are still conferring regarding dates for remaining depositions, including a Rule 30(b)(6) deposition of Wellpath. It became evident during the parties' most recent discovery conferral call, on June 6, 2024, that there are disputes between the parties surrounding the scope of the Rule 30(b)(6) deposition that will necessitate court intervention. Consequently, the Rule 30(b)(6) deposition has not been set at this time.

5. Plaintiff also has requested but not yet obtained written discovery from the Defendants that Plaintiff believes to be relevant to the prosecution of his claims. The parties have conferred repeatedly about Defendants' (and Plaintiff's) written discovery responses, including most recently on June 6, and it appears court intervention also will be necessary to address outstanding written discovery requests.

6. Plaintiff has retained an expert in correctional medicine. Plaintiff's correctional medicine expert will need to review the Rule 30(b)(6) deposition transcript of Wellpath and, potentially, forthcoming discovery from the Defendants that is the subject of an unresolved dispute between the Plaintiff and Defendants, in order to finalize his report.

7. It is unclear at this time if and when Plaintiff will obtain the additional written discovery he seeks. It is also unclear at this time when the parties' disputes regarding the Rule 30(b)(6) deposition of Wellpath will be resolved. As such, a Rule 30(b)(6) deposition has not been set yet.

8. Plaintiff intends to bring his discovery-related concerns to the Court's attention as soon as practicable. It only became apparent that a discovery hearing was needed last Thursday, on June 6.

9. Plaintiff's counsel, Michael Fairhurst and David Lane, have both been in a federal trial before Judge Varholak since June 10, 2024, in the case *Harter v. Stover*. The trial is ongoing and expected to end this Friday (June 14).

10. Plaintiff's counsel expects to contact the Court next week regarding the discovery issues described above.

11. This is the third motion seeking to reset deadlines in the scheduling order. It is supported by good cause and not made for purposes of delay. The parties are diligently moving forward with the case. For instance, the parties have exchanged substantial written discovery and Plaintiff has deposed the two individually named Defendants.

12. No party will be prejudiced by the relief sought herein.

### CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, counsel for Plaintiff certifies that they conferred via email with counsel for the Defendants regarding this request. No Defendant opposes the relief sought herein.

### CERTIFICATION PURSUANT TO D.C.COLO. LCivR. 6.1(c)

Undersigned counsel certify that this motion will be served contemporaneously on their clients upon filing of the motion.

WHEREFORE, Plaintiff respectfully requests that this Court modify the Scheduling Order as described above.

Respectfully submitted this 13th day of June 2024.

*s/ Michael Fairhurst*
David Lane
Michael Fairhurst
Killmer Lane, LLP
1543 Champa Street, Ste 400
Denver, CO 80202
Phone: 303-571-1000
dlane@killmerlane.com
mfairhurst@killmerlane.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 13th day of June, 2024 I filed a true and correct copy of the foregoing with the Court via CM/ECF which will generate emailed notice to the following:

Dan Struck
Ashlee B. Hesman
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road
Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
ahesman@strucklove.com
*Counsel for Wellpath, LLC*

Eric Butler
Rebecca Philana Klymkowsky
JeffCo Asst County Attorneys
100 Jefferson County Parkway, Ste 5500
Golden, CO 80419
Phone: 303-271-8932
Fax: 303-271-8901
ebutler@co.jefferson.co.us
rklymkow@co.jefferson.co.us
*Attorneys for Jefferson County, Colorado*

*s/ Jamie Akard*
Jamie Akard
