**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON
COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF JEFF SHRADER;
WELLPATH, LLC,
JOHN O. BERTAGNOLLI, DDS, individually;
MONICA ALBERS, RN, individually;
COURTNEY SLOWEY, LPN, individually;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

      Defendants.

---

**DEFENDANTS' MOTION TO DISMISS WELLPATH**

---

Defendants, David M. Jackson, MD and John J. Archard, MD (collectively, "Individual Defendants"), Wellpath, LLC ("Wellpath"), Board of County Commissioners of Jefferson County, and Jefferson County Sheriff Jeff Shrader (collectively, "County Defendants") (collectively, "Defendants"), move to dismiss Wellpath pursuant to the Court's June 30, 2025 Order. (Dkt. 125.)

**I.   Procedural History**

Almost four years ago on August 31, 2021, Plaintiff filed his original Complaint against Wellpath, Dar, Jackson, Archard, Patel, Bertagnolli, Albers, Laws, Boyle, Slowey, Busby, Friedrich, Washam, and Jefferson County. (Dkt. 1.) Defendants moved to dismiss the Complaint on January 18, 2022. (Dkt. 19.) Plaintiff filed a First Amended Complaint ("FAC") on February

25, 2022, against Jefferson County, Wellpath, Bertagnolli, Albers, Slowey, Jackson, and Archard. (Dkts. 31; 33.) Defendants moved to dismiss the FAC on March 18, 2022. (Dkt. 40.) The Court denied Defendants' Motion to Dismiss on October 31, 2022. (Dkt. 55.) Plaintiff filed a Second Amended Complaint ("SAC"), which is the operative complaint, on November 14, 2022, pursuant to the Court's direction. (Dkt. 56.)

On November 14, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (Dkt. 116.) Wellpath advised that on November 11, 2024, Wellpath Holdings, Inc. and its subsidiaries and affiliated companies commenced a bankruptcy action in the United States Bankruptcy Court for the Southern District of Texas by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (*Id.* at 2.) Wellpath also advised that the instant matter was automatically stayed as to Wellpath pursuant to 11 U.S.C. § 362 of the Bankruptcy Code and that the stay was extended to certain Non-Debtor Defendants on November 12, 2024. (*Id.* at 2–3.) The Court stayed the matter and administratively closed it with leave to reopen upon a showing of good cause on February 11, 2025. (Dkts. 119; 120.)

The parties provided a Status Report on June 10, 2025, notifying that the bankruptcy stay was lifted as to Non-Debtor Defendants, to include County Defendants, Jackson, and Archard. (Dkt. 122 at 2–3.) Defendants also advised that Plaintiff's claims against Wellpath "w[ere] discharged in the bankruptcy proceeding." (*Id.* at 3.) The Court reopened the case as to County Defendants, Jackson, and Archard. (Dkt. 123.) The parties attended a status conference before Magistrate Judge Starnella on June 30, 2025. (Dkt. 125.) The Court granted Defendants leave to move to dismiss Wellpath on or before July 14, 2025. (*Id.*)

## II.  Wellpath Cannot Remain as a Nominal Defendant, as No Insurance Proceeds Remain for This Claim.

The Court should dismiss Wellpath as a nominal defendant, as no insurance proceeds remain on this claim. This issue was squarely addressed by *Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993).[1] In *Edgeworth*, the court addressed whether the plaintiffs could pursue a medical malpractice lawsuit against the defendant, a physician who had filed for protection under Chapter 7 of the Bankruptcy Code, to collect a judgment based solely from the proceeds of the defendant's malpractice liability policy. *Id.* at 53. The court analyzed Section 524 of the Bankruptcy Code and found that it "protects a debtor from any subsequent action by a creditor whose claim has been discharged in a bankruptcy case" and "operates as an injunction against enforcement or a judgment or the commencement or continuation of an action in other courts to collect or recover a debt as a personal liability of the debtor." *Id.* It reasoned that "[a] discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt." *Id.* The court added that "[i]n the liability insurance context, … a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment." *Id.* at 53. The court relied on numerous opinions from the Third, Seventh, Ninth, and Eleventh Circuit Courts of Appeals that have held that a Section 524 injunction does not affect the liability of liability insurers and does not prevent a plaintiff from establishing their liability by proceeding against a discharged debtor. *Id.* at 54. The "foundation of this reading" is that "it makes no sense

---

[1] Reliance on case law from the Fifth Circuit Court of Appeals is appropriate, as the bankruptcy action was filed in the United States Bankruptcy Court for the Southern District of Texas, which is in the Fifth Circuit.

to allow an insurer to escape coverage for injuries caused by its insured merely because the insured receives a bankruptcy discharge." *Id.* The court added that "allowing commencement or continuation of such actions does not inequitably burden the debtor. Burden … in the sense that attending depositions and trial may take up [the defendant's] time. But this is not the burden alleviated by [Section] 524 when the purpose of the suit is to establish [the defendant's] nominal liability in order to collect form his insurance policy." *Id.* The court therefore held that "as long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor personally, [S]ection 524(a) will not bar a suit against the discharged debtor as the nominal defendant." *Id.* In short, a claim against a debtor as a nominal defendant seeks to execute a judgment against the nominal defendant's insurance proceeds.

Here, Plaintiff's claims against Wellpath were discharged in bankruptcy. (Dkt. 122 at 3.) Plaintiff therefore no longer has a claim against Wellpath. (Exhibit 1, Correspondence from Hemenway Re: Pending Actions Against Wellpath, at 1 ("Article IX.A of the Plan discharged all prepetition claims against the Debtors, and provides an injunction against the commencement, further prosecution of, or collection efforts against, the Debtors or Post-Restructuring Debtors….").) Nor can Plaintiff proceed against Wellpath as a nominal defendant to collect insurance proceeds because Wellpath's $3,000,000 self-insured retention was also discharged in bankruptcy. (*See id.* ("[P]ending prepetition civil action(s) must be dismissed as to any Debtor defendants, except that a Debtor may be named as a nominal party **only for insurance purposes**….") (emphasis added).) Plaintiff therefore cannot proceed on a claim against Wellpath, as any execution of judgment against Wellpath would be against Wellpath, not an insurance carrier, which is in contravention of *Edgeworth*.

- 4 -

### III. Conclusion

For the foregoing reasons, the Court should dismiss Wellpath as a Defendant and preclude Plaintiff from naming it as a nominal defendant.

Dated: July 14, 2025

Respectfully submitted,

s/ Kristina R. Rood
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina R. Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

*Attorneys for Defendants BOCC of Jefferson County, Wellpath, Jackson, Archard, and Shrader*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 14th day of July 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

David A. Lane
Michael Fairhurst
Liana G. Orshan
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@killmerlane.com
mfairhurst@killmerlane.com
lorshan@killmerlane.com
*Attorneys for Plaintiff*

Rebecca Klymkowsky
Eric Butler
JEFFERSON COUNTY ATTORNEY'S OFFICE
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
rklymkow@co.jefferson.co.us
ebutler@co.jefferson.co.us
*Attorneys for Jefferson County, Colorado*

s/ Elaine Percevecz