**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF REGINA MARINELLI;
WELLPATH, LLC;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

      Defendants.

_____

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**
_____

      Plaintiff, by and through undersigned counsel of record, hereby moves this honorable Court for leave to amend his Complaint, a clean version of which is attached to this motion as **Exhibit 1,** and a redlined version attached as **Exhibit 2**, and states as follows in support:

**<u>INTRODUCTION</u>**

      On November 11, 2024, Defendant Wellpath, LLC and affiliated entities filed for Chapter 11 bankruptcy. *See* [Doc. 116] (defining petition date as November 11, 2024). On May 1, 2025, the Bankruptcy Court confirmed the Chapter 11 reorganization plan. *See* [Docs.122 & 122-1] (order approving confirmation plan). Then, on June 4, 2025, the Bankruptcy Court issued the General Form of Order Regarding Lift Stay Motions, lifting the automatic stay as to all Defendants ("Lift Stay Order"). *See* [Doc. 122-3]. Based on

the Bankruptcy Court's proceedings and orders, this Court reopened this case as to the

non-debtor Defendants (all Defendants other than Defendant Wellpath). [Doc. 123].

Plaintiff now seeks leave to amend his Complaint as discussed at the June 30,

2025, Status Conference [Doc. 125], during which Magistrate Judge Starnella ordered

Plaintiff to file a motion to amend on or before July 14, 2025. The Bankruptcy Court's

Lift Stay Order clarified that Wellpath, LLC should remain a nominal defendant in trial

court proceedings and that plaintiffs may seek to resolve the question of Wellpath's

liability by naming the Wellpath Holdings, Inc. Liquidating Trust ("Liquidating Trust") as a

nominal defendant.[1] Plaintiff thus seeks to amend his Complaint to convert Defendant

Wellpath to a nominal Defendant and also add the Liquidating Trust as a nominal

Defendant pursuant to the Bankruptcy Court's Order.

## **LEGAL STANDARD**

"Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings," and

"[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008

U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). "Generally, the Court liberally

should allow for amendments." *Harger v. Talley*, 2005 U.S. Dist. LEXIS 14509, at *6 (D.

Nev. 2005). "Refusing leave to amend is generally only justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure

to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin*

*v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). Additionally, "[i]n

---

[1] Plaintiff's counsel understands that "Matthew J. Dundon, Trustee of Wellpath
Holdings, Inc. Liquidating Trust" is the proper way to name the Liquidating Trust as a
nominal defendant in this litigation.

keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation." *Chitimacha Tribe of La. V. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." *Birch v. Polaris Indus., Inc.*, No. 15-4066, 2015 WL 9310564, at *7-8 (10th Cir. Dec. 23, 2015). After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Id*. The "good cause" standard "primarily considers the diligence of the party" seeking an extension of the deadline to amend the complaint. *McDaniel v. Loya*, No. CIV 14-0511 JB/SCY, 2015 WL 1323506, at *9 (D.N.M. Mar. 6, 2015) (allowing amendment under Rule 15 and 16). In practice, the standards and interplay between Rules 15 and 16 are not actually all that different. As the Tenth Circuit has held:

> We have noted the "rough similarity" between the "undue delay" standard of Rule 15 and the "good cause" standard of Rule 16. . . . In addition, appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule. *See, e.g., United States v. Dang,* 488 F.3d 1135, 1143 (9th Cir.2007) ("[T]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion.") . . . For these reasons, it appears unlikely that applying Rule 16 would lead to a different outcome, much less prevent a "manifest injustice."

*Bylin v. Billings,* 568 F.3d 1224, 1231-32 (10th Cir. 2009) (allowing amendment over objections of undue delay and lack of good cause under Rules 15 and 16); *Birch,* 2015 WL 9310564, at *8. (Rule 16's good cause requirement may be satisfied if a plaintiff

learns new information through discovery).

From a Rule 16 standpoint, it has been held that the scheduling concerns related to Rule 16 should not trump the goals of Rule 15. *See Lariviere, Grubman & Payne, LLP v. Phillips*, No. 07- CV-01723-WYD-CBS, 2010 WL 4818101 *4 (D. Colo. Nov. 9, 2010) (granting a motion to amend filed about 5 months after the deadline). While noting that Rule 16 serves the mechanics of pretrial scheduling and planning, the Court in *Lariviere* noted that, like Rule 15, this Rule's "spirit, intent and purposes is clearly designed to be broadly remedial." *Id*.

## ARGUMENT

The facts support granting Plaintiffs' Motion for Leave to Amend. As explained in more detail below, converting Defendant Wellpath into a nominal Defendant and adding the Liquidating Trust as a nominal Defendant allows Plaintiff to comply with the Bankruptcy Court's Order and directives on this issue and proceed with discovery and determining liability as to all Parties. The addition of the Liquidating Trust secures the proper defendants for purposes of obtaining distribution from the Liquidating Trust of any judgment or settlement on behalf of Defendant Wellpath. It also ensures that Trustees of the Liquidating Trust and their counsel receive notice of Plaintiffs' ongoing prosecution of the case against Wellpath as a nominal defendant.

Wellpath is now out of bankruptcy and its obligation to pay claims has been discharged. Claims against Wellpath will be satisfied from a Liquidating Trust established for the benefit of unsecured creditors. Although Wellpath's obligation to pay any judgment has been discharged through the bankruptcy proceedings, Wellpath

should remain a nominal Defendant in trial court proceedings for purposes of facilitating

litigation against the non-debtor Defendants (such as participating in discovery) and for

purposes of establishing the amount of Plaintiff's claim against the Liquidating Trust. In

its Lift Stay Order, the Bankruptcy Court made clear that to determine the amount of a

plaintiff's claim for distribution from the Liquidating Trust, in accordance with the

Bankruptcy Code, and as an alternative to "the non-binding alternative dispute

resolution process set forth" in Trust Distribution Procedure documents:

> [H]olders of personal injury tort and wrongful death claims may also seek
> determinations of the Debtors' liability by the appropriate civil court pursuant
> to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to
> the extent such inclusion is necessary to recover against available third-
> party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to
> establish or liquidate the amount of their claim for distribution under the Plan
> from the Liquidating Trust.

[Doc. 122-3] at 2, ¶ 4. Wellpath's inclusion in this matter as a nominal Defendant, is

"necessary to recover against … [the] unreleased Non-Debtor Defendant[s]" and "to

establish or liquidate the amount of their claim for distribution under the Plan from the

Liquidating Trust."

The plain language of the Lift Stay Order thus allows personal injury plaintiffs to

proceed as necessary against Wellpath in related cases against non-debtor defendants:

"Holders of Claims or Interests that affirmatively elected to opt out of the Plan's Third-

Party Release may bring or continue to bring claims against all Non-Debtor Defendants,

including employees of the Debtors and/or Post-Restructuring Debtors." *Id.* at ¶ 5.

During the bankruptcy process, creditors (Plaintiff in this context) were given an

opportunity to "opt out" of a third-party release that would have also discharged claims

against non-debtor Defendants. Plaintiff opted out of that release, *see* **Exhibit 3**, meaning the claims against all Defendants other than Wellpath were not discharged, and Plaintiff may now continue to litigate against these Defendants (as this Court has ordered). For those, like Plaintiff, who timely opted out of the third-party releases, nothing in the bankruptcy proceedings requires Wellpath to be dismissed. Indeed, Article IX.F of the Reorganization Plan states that holders of claims are permanently enjoined from "commencing or continuing" any action regarding their covered claims except, "for the avoidance of doubt, this Article IX.F shall not apply to parties that timely opt out of the Third-Party Release to preserve their claims against the Released Parties." *See* [Doc. 122-1] at 134.

Nor does the fact that Wellpath's debt has been discharged—or any other language in the Bankruptcy Code or the Bankruptcy Court's Orders—provide that Plaintiff may not continue litigating against Wellpath as a nominal Defendant. The Bankruptcy Code § 524(a)(2) enjoins only "commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). It does not prevent a creditor from proceeding against a discharged debtor on a nominal basis, and ample case law confirms that doing so is permissible. *See, e.g.*, *In re RS Air, LLC*, 651 B.R. 538, 544 (B.A.P. 9th Cir. 2023) (noting that a discharge "only affects the debtor's 'personal liability'" and does not prohibit actions against a debtor in name only for the purpose of collecting from a collateral source (quoting *In re Reed,* 640 B.R. 932, 939 (B.A.P. 9th Cir. 2022)); *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) ("Section 524(a)(2) enjoins only suits 'to collect, recover or

offset' a debt as the 'personal liability of the debtor,' a phrase that has been interpreted to exclude merely nominal liability."); *In re Coho Res., Inc.*, 345 F.3d 338, 342–43 (5th Cir. 2003) (similar); *In re Jason Pharms., Inc.*, 224 B.R. 315, 322 (Bankr. D. Md. 1998) (noting "nearly unanimous agreement that Section 524(e) permits a creditor to bring, and proceed in, an action nominally directed against a discharged debtor for the sole purpose of proving liability on its part as a prerequisite to recovering from its insurer"). Thus, although the Chapter 11 Bankruptcy Plan limits Plaintiff's ability to collect monetary damages from Wellpath, it does not enjoin Plaintiff from continuing its case against Wellpath in a nominal capacity. *Paul v. Inglehart (In re Paul)*, 534 F.3d 1303, 1307 (10th Cir. 2008) ("Although [the discharge injunction of] § 524(a)(2) prohibits actions brought to collect a discharged debt from the debtor, it permits suits … that formally name the debtor as a defendant but are brought to collect from a third party.").

In order to proceed with claims against the non-debtor Defendants, Wellpath is a necessary party to complete the discovery process and produce ordered documents and depositions. Allowing amendment to clarify that Wellpath is a "nominal Defendant" acknowledges the limitations on recovering money damages directly from Wellpath, while allowing the Court to retain the ability to effectively manage the case against the non-debtor Defendants who are not themselves in possession of discovery (such as Rule 30(b)(6) deposition witnesses).

Further, the addition of the Liquidating Trust also secures the proper defendants for purposes of obtaining distribution from the Liquidating Trust of any judgment or settlement on behalf of Defendant Wellpath. It also ensures that Trustees of the

Liquidating Trust and their counsel receive notice of Plaintiffs' ongoing prosecution of the case against Wellpath as a nominal Defendant

This proposed amendment advances the interests of justice. Where, as here, Plaintiff may continue his case against non-debtor Defendants, Plaintiff has the practical need to keep Wellpath in the case as a nominal defendant. Plaintiff's ability to prosecute its claims against the Individual Defendants and the Jefferson County Defendants, the latter of whose liability under the non-delegable duty theory depends on establishing that Wellpath is liable under *Monell*, would be impaired if Wellpath were not kept in the case, as discovery is in Wellpath's exclusive control. For instance, although in the process of being scheduled at the time of the bankruptcy stay, no Rule 30(b)(6) depositions were taken prior to the automatic stay due to bankruptcy taking effect. Accordingly, Plaintiff is still waiting for this Ordered outstanding discovery from Wellpath. The most efficient and cost-effective way to proceed is to keep Wellpath in this case as a nominal Defendant, as significantly more court intervention would be required to obtain the remaining discovery from Wellpath as a third party (where subpoenas would be necessary). It is simply unnecessary to clog the Court's docket with extra procedures or delay Plaintiff's access to needed discovery when the Bankruptcy Court specifically allows for the maintenance of Wellpath as a nominal Defendant to the claim. *See In re Paul*, 534 F.3d at 1307 ("[R]equiring a debtor to bear such collateral burdens of litigation as those relating to discovery … does not run afoul of [the discharge injunction in] § 524(a)(2).").

It is also necessary to add the Liquidating Trust as a nominal Defendant, as the

Liquidating Trust and Wellpath are not exactly identical. The Liquidating Trust is needed to liquidate Plaintiff's claim against Wellpath. The Trust, however, likely does not have access to discovery documents or the ability to arrange a 30(b)(6) deposition or the like.

As to Rules 15 and 16, there has been no undue delay by Plaintiff. To the contrary, Plaintiff has been prohibited from acting until very recently. The Liquidating Trust only was recently created and Wellpath was recently discharged through bankruptcy, making this motion timely.

Lastly, the doctrine of judicial estoppel supports granting of the proposed amendment. In other cases in this judicial district in which Wellpath is a Defendant and that also are moving forward now that the bankruptcy proceedings have concluded, Wellpath has taken the position that the Liquidating Trust should be a nominal Defendant as needed to allow claim holders to recover against non-debtor Defendants or establish or liquidate the amount of their claim for distribution. *See, e.g.*, **Ex. 4**, *Estate of Martin v. Adams County*, No. 24-cv-00855-SKC-KAS, [Doc. 156] (Status Update). There is no reason for Wellpath to take a contrary position here. The doctrine of judicial estoppel's "purpose is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Eastman v. Union Pac. R.R.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). Consequently, a court may estop a party that takes a "clearly inconsistent" position from a position it has taken in another proceeding. *Id.*

Accordingly, Plaintiff seeks leave to amend the Complaint to clarify that Wellpath

is now a nominal Defendant and to add the Liquidating Trust as an additional nominal Defendant.

**D.C.COLO.L.Cɪᴠ.R. 7.1 Cᴇʀᴛɪꜰɪᴄᴀᴛɪᴏɴ**

Counsel for Plaintiff conferred with all counsel concerning the relief sought herein. Ashlee Hesman, counsel for Defendants Wellpath, Dr. Jackson, and Dr. Archard, stated that they oppose the motion to amend. Rebecca Klymkowsky, counsel for Defendants Board of County Commissioners of Jefferson County and Jefferson County Sheriff Marinelli, stated that they do not oppose the motion to amend. Therefore, the relief sought by this Motion is **partially unopposed.**

WHEREFORE Plaintiff, for the reasons described herein, respectfully requests this Court grant his Motion for Leave to Amend the Complaint, and docket the Second Amended Complaint, attached hereto as **Exhibit 1**, as the operative Complaint.

Respectfully submitted this 14th day of July 2025.

Kɪʟʟᴍᴇʀ Lᴀɴᴇ, LLP

*s/ Liana Orshan*
David Lane
Liana Orshan
1543 Champa Street, Ste 400
Denver, CO 80202
Phone: 303-571-1000
dlane@killmerlane.com
lorshan@killmerlane.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of July, I filed a true and correct copy of the foregoing with the Court via CM/ECF which will generate emailed notice to the following:

Dan Struck
Kristina Rood
Ashlee B. Hesman
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road
Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
krood@strucklove.com
ahesman@strucklove.com

*Counsel for Wellpath, LLC, and Individual Medical Defendants*

Eric Butler
Rebecca Philana Klymkowsky
Jefferson County Attorney's Office
100 Jefferson County Parkway, Ste 5500
Golden, CO 80419
Phone: 303-271-8932
Fax: 303-271-8901
ebutler@co.jefferson.co.us
rklymkow@co.jefferson.co.us

*Counsel for Board of County Commissioners of Jefferson County, Colorado, and Jefferson County Sheriff*

*s/ Liana Orshan*