**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON
COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF JEFF SHRADER;
WELLPATH, LLC,
JOHN O. BERTAGNOLLI, DDS, individually;
MONICA ALBERS, RN, individually;
COURTNEY SLOWEY, LPN, individually;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

      Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

---

Plaintiff's request to name Wellpath, LLC and the Liquidating Trust as nominal defendants is futile and should be denied. (Dkt. 127.) For the following reasons, and those stated in Defendants' Motion to Dismiss, which Defendants incorporate by reference (*see* Dkt. 126), the Court should deny Plaintiff's Motion for Leave to File Second Amended Complaint. (Dkt. 127.)

**I.    The Court Should Deny Plaintiff's Request to File a Second Amended Complaint Because it is Futile.**

Leave to amend under Rule 15 should be freely granted when justice so requires. *See* Fed. R. Civ. P. 15(a)(2); *see also Las Vegas Ice & Cold Storage Co. v. Far W.*

*Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). The decision to grant or deny leave to amend is left to the sound discretion of the district court. *See Las Vegas Ice & Cold Storage Co.,* 893 F.2d at 1185. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). Here, futility warrants denying Plaintiff's request for leave to amend.

### A. Plaintiff Cannot Name Wellpath as a Nominal Defendant Because no Applicable Insurance Proceeds Remain for This Claim.

Plaintiff asserts that nothing in the "Bankruptcy Code or the Bankruptcy Court's Orders" precludes Plaintiff from continuing to litigate his claims against Wellpath as a nominal defendant. (Dkt. 127 at 6–7.) He adds that, "although the Chapter 11 Bankruptcy Plan limits Plaintiff's ability to collect monetary damages against Wellpath, it does not enjoin Plaintiff from continuing its [sic] case against Wellpath in a nominal capacity." (*Id.* at 7.) As Defendants explained in their Motion to Dismiss, which Defendants incorporate by reference, a claim against Wellpath as a nominal defendant is a claim to recover Wellpath's insurance proceeds. (Dkt. 126 at 4.) While a plaintiff can name a debtor as a nominal defendant to the extent insurance proceeds remain, Plaintiff cannot name Wellpath as a nominal defendant here because no insurance proceeds remain on this claim.[1] (*See id.* ("Wellpath's $3,000,000 self-insured retention was … discharged in

---

[1] To illustrate, if judgment were entered against Wellpath, it would result in Wellpath being responsible for the judgment because no insurance coverage remains to

- 2 -

bankruptcy.");[2] *see also* Dkt. 126-1 at 2 ("[P]ending prepetition civil action(s) must be dismissed as to any Debtor defendants, except that a Debtor may be named as a nominal party **only for insurance purposes**…." (emphasis added)), 4 ("Where, however, the action seeks to collect solely from a Debtors' insurance policy and a claimant can establish that (i) **third-party insurance proceeds may be available** and (ii) can only be accessed with the Debtor as a nominal defendant, the appropriate Debtor(s) may be retained or added as a nominal party") (emphasis added).)

Plaintiff has not and cannot make an argument to the contrary (*see generally* Dkt. 127), as Defendants' counsel informed Plaintiff's counsel that no insurance proceeds remain on this claim. (*See* Exhibit 1, Email from Orshan to Hesman, dated July 11, 2025, at 1.) Because a party must first show that insurance proceeds are available to name a debtor as a nominal defendant, (*see* Dkt. 126-1 at 4), and because no insurance proceeds remain on this claim, naming Wellpath as a nominal defendant is futile. Accordingly, the Court should deny Plaintiff's request for leave to amend. *See Frank*, 3 F.3d at 1365 ("futility of amendment" justifies denial of leave to amend); *see also*, *e.g.*, *Phelps v.*

---

cover the judgment. This is impermissible. *See In re Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) ("[A]s long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor personally, [S]ection 524(a) will not bar a suit against the discharged debtor as the nominal defendant.").

[2] While excess coverage may cover certain claims, such coverage would not commence unless the claim exceeded $3,000,000, which would not occur here. Even Plaintiff has acknowledged this as his settlement demand was drastically less than the $3,000,000 Wellpath's Self-Insured Retention ("SIR") amount that was discharged in bankruptcy.

*Hamilton*, 166 F.R.D. 489, 490 (D. Kan. Apr. 16, 1996) ("A court may properly deny leave to amend if amendment would prove futile.").

Despite no insurance remaining on this claim, Plaintiff argues that Wellpath should be named as a nominal defendant because it would make discovery more convenient for him. (Dkt. 127 at 7.)[3] First, Plaintiff's claims against Wellpath were extinguished in the bankruptcy court, and thus, it is unnecessary to "complete the discovery process" for any claims against Wellpath. Additionally, Plaintiff cites no case law to support his proposition that, where no insurance proceeds remain, a party can name a debtor as a nominal defendant out of convenience. This case was filed **four years ago** in 2021. (Dkt. 1) Plaintiff has delayed prosecuting it. To illustrate, he requested to extend case management deadlines **five** times, one of which was after the Court admonished that no additional extensions would be granted absent extraordinary circumstances. (Dkts. 88; 90; 92; 94; 98; 101; 105; 109 ("The court finds good cause for the request, but no further extensions will be granted absent extraordinary circumstances."); 112; 115.) Plaintiff noticed and canceled the depositions of three Defendants just days before they were set to take place. And, he delayed noticing and revising his request to depose Wellpath's Rule 30(b)(6) designee. (Dkts. 111; 115.) (*See, e.g.,* Exhibit 2, Correspondence from Akard to Rood, dated Nov. 21, 2023 (agreeing to provide topics for a Rule 30(b)(6)

---

[3] Plaintiff also incorrectly argues it is necessary that Wellpath remain as a nominal defendant "to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust." (Dkt. 127 at 5.) This argument fails for the reasons discussed below in Section II(B).

- 4 -

deposition); Exhibit 3, Correspondence from Akard to Struck, dated Mar. 25, 2024 (providing Rule 30(b)(6) topics four months later).) Had he diligently prosecuted his case, he would have discovered all relevant information necessary to prosecute his claims by now.

Moreover, denying Plaintiff's request to name Wellpath as a nominal defendant will not preclude him from conducting or obtaining discovery from it. Plaintiff can utilize Rule 45 to serve a subpoena on Wellpath to obtain documents or require Wellpath's designee to sit for a deposition.[4] *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), (B), (C). Further, the non-debtor Defendants—i.e., Dr. Jackson, Dr. Archard, Board of County Commissioners of Jefferson County, and Sheriff Marinelli—are not Wellpath employees. Plaintiff can obtain information necessary to prosecute his claims through multiple Defendants and/or other Federal Rules of Civil Procedure, none of which require Wellpath to remain as a nominal defendant.[5]

Accordingly, and for the reasons stated in Defendants' Motion to Dismiss (*see* Dkt. 126), the Court should deny Plaintiff's request to name Wellpath as a nominal defendant.

/ / /

/ / /

---

[4] While this is an option, Defendants would likely oppose any request to depose Wellpath's Rule 30(b)(6), as all claims against Wellpath were extinguished in bankruptcy and therefore Wellpath no longer possess information relevant to Plaintiff's claims.

[5] Plaintiff also asserts that it is necessary for Wellpath to remain as a nominal defendant "to recover against … [the] unreleased Non-Debtor Defendants." (Dkt. 127 at 5.) Plaintiff makes no effort to explain why.

### B. The Liquidating Trust is Not a Proper Nominal Defendant.

Plaintiff asserts that naming the Liquidating Trust as a nominal defendant "secures the proper defendants for purposes of obtaining distribution from the Liquidating Trust of any judgment or settlement on behalf of Defendant Wellpath" and provides the "Liquidating Trust and their counsel … notice of Plaintiffs' [sic] ongoing prosecution of the case against Wellpath…." (Dkt. 127 at 7–8.) Plaintiff's argument fails. The Liquidating Trust may not be named as a nominal defendant because Plaintiff failed to avail himself of the Trust Distribution Procedures ("TDPs") and Alternative Dispute Resolution ("ADR") procedures required by the Chapter 11 Bankruptcy Plan. *See In re Wellpath Holdings, Inc.*, No. 24-90533 (ARP) (S.D. Tex. May 9, 2025), ECF No. 2679 at 294–333.

Specifically, the TDPs provide that "[a]ll holders of claims against the Debtors, including personal injury and wrongful death claimants, who timely filed a proof of claim in the chapter 11 cases … must comply with the TDPs." (Dkt. 126-1 at 3.) *See also In re Wellpath Holdings, Inc.*, ECF No. 2679 at 294–333. The TDPs' process is as follows: "[E]ach claim is individually reviewed by the Trustee to ensure it meets threshold eligibility requirements, such as timeliness, verification, and prima facie validity." (Dkt. 126-1 at 3.) "The Trustee's analysis will be based on the information provided in filed proofs of claim as well as the company's internal claims files." (*Id.*) "If the Trustee determines that a claim meets the threshold criteria, the Trustee will make a determination of a proposed allowed claim amount and notify the claimant of that amount." (*Id.*) "If the claimant disputes the Trustee's determination or the proposed amount, the claimant may request reconsideration within 90 days of receiving notice." (*Id.*) Any "[r]equests for

reconsideration will be subject to non-binding alternative dispute resolution (ADR) procedures developed by the Trustee, and the Trustee may accept or reject the neutral's recommendation." (*Id.* at 4.) If the Trustee's position remains unchanged after the ADR process, or "if the claimant rejects the Trustee's revised determination, the Trustee will file an objection with the Bankruptcy Court and the claim will be resolved as a contested matter under Fed. R. Bankr. P. 9014." (*Id.*) "For certain claims (e.g., personal injury or wrongful death), **after** the procedures above (including the ADR process) have been exhausted, claimants may opt to have the claim liquidated in the appropriate court, with the Liquidating Trust as a nominal defendant, rather than adjudicated by the Bankruptcy Court." (*Id.*)

Here, Plaintiff cannot name the Liquidating Trust as a nominal defendant because he has not exhausted the above TDPs or ADR procedures. Plaintiff disregards the above procedures and relies on the following cherry-picked excerpt of Paragraph 4 of the Lift Stay Order to support his position that he is permitted to name the Liquidating Trust as a nominal defendant:

> [H]olders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust.

(Dkt. 127 at 5.) Plaintiff, however, omitted the first sentence of Paragraph 4, which specifically provides that "[h]olders of personal injury tort and wrongful death [c]laims

- 7 -

pg 8 of 12

against the Debtors **are subject to the … [TDPs]**, including the non-binding alternative dispute resolution process…." (Dkt. 122-3 at 2 (emphasis added).) Plaintiff's position also disregards Paragraph 10 of the Lift Stay Order, which explicitly provides that the Plan controls to the extent there are any discrepancies between Paragraphs 3-5 of the Lift Stay Order and the Plan. (*Id.* at 4.) Under the Plan, Plaintiff must avail himself of the TDPs and ADR process before he may seek adjudication of a claim in the appropriate court. Plaintiff has not done so.

In a final attempt to name the Liquidating Trust as a nominal defendant, Plaintiff asserts that judicial estoppel supports granting Plaintiff's proposed amendment. (Dkt. 127 at 9.) Plaintiff argues that Wellpath has taken an inconsistent position in other cases—specifically, *Martin v. Adams County, et al.*—that "the Liquidating Trust should be a nominal Defendant as needed to allow claim holders to recover against non-debtor Defendants or establish or liquidate the amount of their claim for distribution," and thus, Wellpath should be estopped from taking a contrary position now. (*Id.* (citing Dkt. 127-4 at 2).) As an initial matter, judicial estoppel is not a factor courts consider in determining whether to grant leave to amend. *See State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984) (stating courts consider several factors in determining whether to grant leave to amend, including "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had had sufficient opportunity to state a claim and failed").

Even assuming for the sake of argument that judicial estoppel were an appropriate factor to consider, Plaintiff fails to meet his burden to make a clear showing that this affirmative defense applies here. *See Vehicle Mkt. Rsch., Inc. v. Mitchell Int'l, Inc.*, 767 F.3d 987, 988 (10th Cir. 2014) ("Given our reluctance to invoke judicial estoppel, and keeping in mind that judicial estoppel is an affirmative defense that its proponent must prove, we conclude that in this case Mitchell has not met its burden of showing any clearly inconsistent statements that would warrant that relief.")

First, Plaintiff does not contend that Defendants took inconsistent statements in the same case on the same claim and issue. *See Stender v. Archstone-Smith Operating Tr.*, 910 F.3d 1107, 1115 (10th Cir. 2018) ("Judicial estoppel is an equitable doctrine designed to 'protect the integrity of the judicial process by preventing parties from changing their legal positions in the **same case** based on the 'the exigencies of the moment.'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001) ("[J]udicial estoppel, 'generally prevents a party from prevailing in **one phase of a case** on an argument and then relying on a contradictory argument to prevail **in another phase**.'" (citation omitted and emphasis added)).

Second, Plaintiff does not contend, much less clearly establish, that Wellpath gained an advantage in *Martin* or seeks to gain one here by taking inconsistent positions based on the same facts and claims. *See Eastman v. Union Pacific R.R. Co.*, 493 F.3d 1151, 1155 (10th Cir. 2007) (discussing that a court should consider whether a party "would gain an unfair advantage" in taking an inconsistent position if not estopped). Plaintiff makes no argument to the contrary. (*See generally* Dkt. 127.) Indeed, as

- 9 -

described herein, the decision whether Wellpath or the Liquidating Trust may remain as a nominal defendant is fact and case dependent. What applies in one case may not apply in another.

Third, it is unclear from the *Martin* Status Report whether the plaintiffs followed proper procedures in bankruptcy court. (*See generally* Dkt. 127-4.) Fourth, the parties in *Martin* relied on Paragraph 4 of the Lift Stay Order. (*Id.* at 2.) As stated above, however, Paragraph 4 specifically requires holders of personal injury and wrongful death claims to avail themselves of the TDPs and ADR procedures; Paragraph 10 of the Lift Stay Order provides that the Plan, which requires a claim holder to first exhaust TDPs and ADR procedures before seeking adjudication of a claim in an appropriate court, controls over any inconsistencies. Plaintiff has not availed himself of the TDPs and the ADR procedures. His request to name the Liquidating Trust as a nominal defendant is therefore futile.

**II.    Conclusion**

For the foregoing reasons, and those argued in Defendants' Motion to Dismiss (*see* Dkt. 126), the Court should deny Plaintiff's Motion and deny Plaintiff's request to name Wellpath and the Liquidating Trust as nominal defendants.

Dated: August 4, 2025

Respectfully submitted,

s/ Kristina R. Rood
Daniel P. Struck, #012377
Ashlee B. Hesman, #028874
Kristina R. Rood, #035097
STRUCK LOVE ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com

*Attorneys for Defendants BOCC of Jefferson County, Wellpath, LLC, Archard, Jackson, and Shrader*

- 11 -

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 4th day of August 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

David A. Lane
Michael Fairhurst
Liana G. Orshan
KILLMER LANE, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@killmerlane.com
mfairhurst@killmerlane.com
lorshan@killmerlane.com
*Attorneys for Plaintiff*

Rebecca Klymkowsky
Eric Butler
JEFFERSON COUNTY ATTORNEY'S OFFICE
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
rklymkow@co.jefferson.co.us
ebutler@co.jefferson.co.us
*Attorneys for Jefferson County, Colorado*

s/ Elaine Percevecz