**EXHIBIT 1**

**EXHIBIT 1**

| | |
|---|---|
| **From:** | Liana Orshan |
| **To:** | Ashlee Hesman; David Lane; Jamie Akard |
| **Cc:** | Rogacki Team |
| **Subject:** | RE: Rogacki - Dismissal of Wellpath |
| **Date:** | Friday, July 11, 2025 3:16:26 PM |
| **Attachments:** | image001.png |

Hi Ashlee,

I can't imagine us agreeing to stipulate to dismiss at this point, and either way, we will move to add the liquidating trust as a nominal Defendant, so I don't think we need an extension to further confer. However, if you want to share with us any authority that shows that we can't add the liquidating trust now for purposes of proceeding with discovery etc in the district court case, we're happy to review that. I assume you're referring to the ADR process, but I'm not aware of any order from the bankruptcy court providing that we must engage in that before we can add the trust as a nominal Defendant. We read the General Form of Order Regarding the Lift Stay Motion to state otherwise. I'm also confused regarding why different sets of attorneys for Wellpath are taking different positions about the propriety of adding the trust as a nominal Defendant (I had previously shared with you the filing by Wellpath's lawyers in *Martin* setting out their position that the trust should be added as a nominal Defendant), so I'd be interested to hear your thoughts on that.

If you would like to have a call Monday, I'm free at 11:00 a.m. or 3:30 p.m. (MDT).

Have a nice weekend.

-Liana

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Friday, July 11, 2025 3:19 PM
**To:** Liana Orshan <lorshan@killmerlane.com>; David Lane <dlane@killmerlane.com>; Jamie Akard <jakard@killmerlane.com>
**Cc:** Rogacki Team <RogackiTeam@strucklove.com>
**Subject:** RE: Rogacki - Dismissal of Wellpath

Thanks, Liana.  We disagree.  There is no longer insurance for this claim, so Wellpath cannot be a nominal Defendant.  Additionally, there are steps that need to be taken in the bankruptcy action (that we do not believe Plaintiff has done) before you can proceed against the trust.  In hopes that we can reach a resolution on this issue, will you stipulate to extend the deadline to move to amend and dismiss by a week?  This will allow us to confer next week and hopefully come to an agreement.

Ashlee

**From:** Liana Orshan <lorshan@killmerlane.com>
**Sent:** Friday, July 11, 2025 1:12 PM
**To:** Ashlee Hesman <ahesman@strucklove.com>; David Lane <dlane@killmerlane.com>; Jamie Akard <jakard@killmerlane.com>
**Cc:** Rogacki Team <RogackiTeam@strucklove.com>
**Subject:** RE: Rogacki - Dismissal of Wellpath

Hi Ashlee,

Sorry for the delay; I was out of the office yesterday and David is out today, but we have some availability Monday if you'd like to schedule a call then. Our position is that although Wellpath's obligation to pay any judgment has been discharged, for purposes of facilitating litigation against non-debtor Defendants (such as participating in discovery and other matters unrelated to Wellpath's liability) and for purposes of establishing the amount of Plaintiff's claim against the Liquidating Trust, Wellpath should remain a nominal Defendant. We believe this is consistent with the Bankruptcy Court's General Form of Order Regarding the Lift Stay Motions (filed at Doc. 2907 in the Bankruptcy Court and attached to the Parties' status report here at Doc. 122-3). Wellpath's inclusion in this matter, as a nominal Defendant, is "necessary to recover against ... an unreleased Non-Debtor Defendant" and "to establish or liquidate the amount of [Plaintiff's] claim for distribution under the Plan from the Liquidating Trust."

We will be moving to amend the complaint to add the Liquidating Trust as a nominal Defendant and change the status of Wellpath to that of a nominal Defendant. I assume you oppose, but can you please confirm?

Thanks,

Liana

**From:** Ashlee Hesman <ahesman@strucklove.com>
**Sent:** Friday, July 11, 2025 12:47 PM
**To:** David Lane <dlane@killmerlane.com>; Liana Orshan <lorshan@killmerlane.com>; Jamie Akard <jakard@killmerlane.com>
**Cc:** Rogacki Team <RogackiTeam@strucklove.com>
**Subject:** RE: Rogacki - Dismissal of Wellpath

Following up.  Are either of you available to discuss today?

Ashlee

**From:** Ashlee Hesman

**Sent:** Thursday, July 10, 2025 8:24 AM
**To:** David Lane <dlane@killmerlane.com>; Liana Orshan <lorshan@killmerlane.com>; Jamie Akard <jakard@killmerlane.com>
**Cc:** Rogacki Team <RogackiTeam@strucklove.com>
**Subject:** Rogacki - Dismissal of Wellpath

David and Liana,

At the last status conference, you indicated that you were likely to agree to the dismissal of Wellpath. Will you agree to dismiss it? We would much rather file a stipulation instead of wasting the Court's time with a Motion to Dismiss. If you will not agree to dismiss it, are you available for a call this week so that we can explain why dismissal is proper?

Thanks,
Ashlee

Ashlee B. Hesman
Partner

**STRUCK LOVE ACEDO, PLC**

3100 West Ray Road | Suite 300 | Chandler AZ 85226

480.420.1631 | ahesman@strucklove.com | STRUCKLOVE.COM

This electronic mail transmission contains information from the law firm Struck Love Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

This electronic mail transmission contains information from the law firm Struck Love Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments

are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.