**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF REGINA MARINELLI;
WELLPATH, LLC;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

      Defendants.

_____

**REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT [Doc. 127]**
_____

      Plaintiff, by and through undersigned counsel of record, hereby submits this Reply to Defendant Wellpath's Response, [Doc. 131], to Plaintiff's Motion for Leave to File Second Amended Complaint, [Doc. 127], and states as follows in support:

      Wellpath counsel's assertions regarding why it should be dismissed and not converted to a nominal Defendant, as well as why the Liquidating Trust should not be added as a nominal Defendant, are contradicted in their entirety by orders from the bankruptcy court and other assertions made by Wellpath counsel. First, and most importantly, the bankruptcy court ordered that another plaintiff in a similar case with Wellpath as a Defendant "may proceed against former Wellpath as a nominal defendant…solely for the purposes of liquidating her claim against former Wellpath." **Ex**

**1**, *Hirsch Order*, 1, ¶ 1. The bankruptcy court further stated that the plaintiff could also add the Liquidating Trust as a second nominal defendant for the same purpose. *Id.* at ¶ 2. Further, the court explained that the plaintiff may liquidate her claims in the district court in which they are pending by "proceeding against Wellpath and/or the Liquidating Trust as nominal defendants" without first "participat[ing] in the Alternate Dispute Resolution process" set up by the Trust to determine whether the parties (plaintiff-creditors and the Liquidating Trust) can voluntarily reach an agreement on the value of the claims. *Id.* at ¶ 3. "[The plaintiff] may then use the results of these efforts as proof of the allowed amount (i.e., the value) of her claims against the Liquidating Trust." *Id.*

Because the *Hirsch* order is based directly on the contents of the plan confirming Wellpath's reorganization, *see* [Doc. 122-1], as well as Wellpath ("post-restructuring debtor") counsel's and the Liquidating Trust's counsel's stipulations, **Ex.** 1 at 1-3, Defendants' contrary arguments should be disregarded and the bankruptcy court's order followed. Defendant has raised no arguments that would support reaching a unique and conflicting result in this case. Indeed, Plaintiff almost certainly could move the bankruptcy court to enter the same order in this case, although doing so would be a waste of time and resources considering the bankruptcy court has made clear in multiple documents that the Confirmation Plan contemplates liquidating claims against Wellpath and/or the Liquidating Trust as nominal defendants in each plaintiff-creditor's district court case. The transcript of the hearing concluding with the entry of the *Hirsch* order confirms the bankruptcy court's intent in entering the order. *See* **Ex. 2**, *Hirsch*

*Hearing Transcript.*[1]

In fact, as discussed in the motion to amend, Wellpath counsel have stipulated in other cases to convert Wellpath to a nominal defendant and add the Liquidating Trust as a nominal defendant. *See, e.g.*, [Doc. 127-4], *Estate of Martin*. Additionally, in another case involving a death at a Colorado jail with medical services provided by Wellpath, the court (Judge Crews or Magistrate Judge Starnella) granted the plaintiff leave to do the same: convert Wellpath to a nominal defendant and add the Liquidating Trust as a nominal defendant. *See Estate of Archuleta v. Wellpath et al.*, No. 24-cv-997-SKC-KAS [Docs. 88, 91]. While Wellpath counsel (the same counsel as in this case) argued that the Liquidating Trust should be dismissed for failure to complete the ADR procedures (which *Hirsch* has made clear is not in fact required), Wellpath did not argue that it should be kept as a nominal Defendant. *See id.* at [Doc. 108].

It is therefore extremely clear that there is no legitimate reason not to grant Plaintiff leave to file the Second Amended Complaint solely on the basis that the bankruptcy court orders and documents provide that tort plaintiffs may liquidate their claims against Wellpath in the district court in which their claims are brought. However, as an additional and alternate ground for granting Plaintiff's Motion to Amend, Plaintiff is entitled to litigate the question whether Wellpath has insurance that would apply to

---

[1] Personal injury and wrongful death claims against Wellpath may be liquidated in the existing forum, provided that any payment resulting from judgment, other than from available insurance, had to be through the claims process. *See* **Ex. 2**, 5:10-19. Personal injury and wrongful death claimants do not need to go through the non-binding ADR process before continuing their litigation in the existing forum. *Id.* at 33:11-14, 34:22-36:1.

Plaintiff's claims, thereby providing another justification for keeping Wellpath as a nominal Defendant.

Contrary to Wellpath's statement that no insurance proceeds remain, in another case in this District in which the same counsel as counsel in this case represent Wellpath, Wellpath counsel informed the Court that "settlement with Wellpath is permitted because of the excess insurance that Wellpath has that was not discharged in bankruptcy that is covering the settlement of [the] claim," and "[w]hile the claim against Wellpath was discharged, plaintiff has the ability to pursue a claim…against Wellpath's insurance." **Ex. 3**, *Duran Transcript*, 3:24-4:2, 4:15-16. In response to the Court's question whether counsel could clarify why Wellpath seemed to be "operating differently as to certain cases," counsel responded that "the insurance coverage and whether or not plaintiffs are intending to proceed against insurance or go through the bankruptcy court and go after the liquidated trust, those are all decisions that are being made on an individual basis, and Wellpath's evaluating those claims on an individual basis." *Id.* at 4:20-5:12. Given the unlikelihood that *Duran* settled for over $3 million dollars, which is what counsel maintains here would be required for the insurance policy to apply, neither Plaintiff nor this Court must merely take counsel at its word, without proof, that no insurance coverage applies here unlike in *Duran*. Rather, Plaintiff must be allowed to unearth the truth of the matter through litigation against Wellpath as a nominal Defendant.

Defendant Wellpath's arguments that no discovery can occur against Wellpath are nonsensical and entirely inconsistent with the bankruptcy court's documents and

orders. The bankruptcy court has made very clear that plaintiffs may liquidate their claims against Wellpath in district court (determine the value of the claim), which obviously requires discovery to do. While Plaintiff's claims are "discharged" in the sense that Plaintiff may not recover from Wellpath in district court, the Liquidating Trust will still be paying out on Plaintiff's claims through the proceedings set up in bankruptcy court if Plaintiff succeeds on his claims. Wellpath's assertions are also inconsistent with the other cases in this District in which Wellpath has already been added as a nominal defendant and discovery is ongoing. Further, even assuming *arguendo* that Wellpath does not have to provide discovery related to the claims against itself—which is not true—discovery would still be necessary from Wellpath to litigate the claims against Defendant Adams County. Wellpath cites no authority for the proposition that it is protected from discovery, and indeed courts have held otherwise. *See Paul v. Inglehart (In re Paul)*, 534 F.3d 1303, 1308 (10th Cir. 2008) ("[R]equiring a debtor to bear such collateral burdens of litigation as those relating to discovery … does not run afoul of [the discharge injunction in] § 524(a)(2)."). The bankruptcy court also explained in the *Hirsch* hearing that even as a third party, Wellpath "would still be subject to discovery regarding the underlying facts" of the case because "obviously [the plaintiff has] to be able to litigate their case." **Ex. 2**, 8:15-20.

Wellpath certainly must give a Rule 30(b)(6) deposition now that discovery is resuming. Wellpath argues that because Wellpath's Rule 30(b)(6) deposition had not yet occurred when it declared bankruptcy, it is now too late for such a deposition to occur. This position is inconsistent with its decision to take no position when Plaintiff

sought to extend the discovery deadlines before bankruptcy, [Doc. 112], and its failure
to object to extending the deadlines after bankruptcy at the June 30, 2025, status
conference. *See* [Doc. 125]. More importantly, Wellpath's position is inconsistent with
this Court's orders. This Court granted Plaintiff's motion to extend the deadlines prior to
bankruptcy and extended the deadlines after bankruptcy during the status conference in
which Plaintiff's counsel and Magistrate Judge Starnella explicitly discussed Plaintiff's
need to take a Rule 30(b)(6) deposition from Defendant. At no point did Wellpath state it
believed Plaintiff should not be allowed to do so, whether Wellpath remained a party or
in a third-party capacity.

  Further, in response to Wellpath's assertions that Plaintiff's counsel was dilatory
in scheduling the Rule 30(b)(6) deposition, the main reason the deposition did not occur
is because after at least several rounds of conferrals before bankruptcy was declared,
Wellpath's counsel refused to compromise on any of its objections to the proposed
topics. Wellpath's counsel persisted in this refusal despite undersigned counsel's
agreement to make numerous compromises. Thus, at the time of the bankruptcy
declaration, the parties were at an impasse and likely headed to a discovery dispute
before Magistrate Judge Starnella, the need for which was obviated only by the
bankruptcy filing. The parties may still require Magistrate Judge Starnella's intervention,
pending the outcome of further conferrals.

  WHEREFORE Plaintiff, for the reasons described herein, respectfully requests
this Court grant his Motion for Leave to Amend the Complaint, and docket the Second
Amended Complaint, [Doc. 127-1], as the operative Complaint.

Respectfully submitted this 20th day of August 2025.

KILLMER LANE, LLP

*s/ Liana Orshan*
David Lane
Liana Orshan
1543 Champa Street, Ste 400
Denver, CO 80202
Phone: 303-571-1000
dlane@killmerlane.com
lorshan@killmerlane.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 20th day of August, I filed a true and correct copy of the foregoing with the Court via CM/ECF which will generate emailed notice to the following:

Dan Struck
Kristina Rood
Ashlee B. Hesman
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road
Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
krood@strucklove.com
ahesman@strucklove.com

*Counsel for Wellpath, LLC, and Individual Medical Defendants*

Eric Butler
Rebecca Philana Klymkowsky
Jefferson County Attorney's Office
100 Jefferson County Parkway, Ste 5500
Golden, CO 80419
Phone: 303-271-8932
Fax: 303-271-8901
ebutler@co.jefferson.co.us
rklymkow@co.jefferson.co.us

*Counsel for Board of County Commissioners of Jefferson County, Colorado, and
Jefferson County Sheriff*

*s/ Jamie Akard*