IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

    Plaintiff,

v.

JEFFERSON COUNTY, COLORADO,
WELLPATH, LLC,
JOHN O. BERTAGNOLLI, DDS, individually,
MONICA ALBERS, RN, individually,
COURTNEY SLOWEY, LPN, individually,
DAVID M. JACKSON, MD, individually, and
JOHN J. ARCHARD, MD, individually,

    Defendants.

## ORDER

Before the Court are Defendants' Motion to Dismiss Wellpath, ECF No. 126, and Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 127. For the reasons set forth below, the Court DENIES Defendants' dismissal motion, and GRANTS Plaintiff's amendment motion. In doing so, the Court presumes familiarity with this case's factual and procedural background, the Wellpath bankruptcy proceedings in the Southern District of Texas, and the legal standards governing the Court's analysis of both motions. *See, e.g.,* Fed. R. Civ. P. 15; *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022).

1

The parties' motions raise a shared, central concern: Whether it is proper for Plaintiff to name Wellpath, LLC (Wellpath) and Wellpath Holdings, Inc. Liquidating Trust (the Trust) as nominal defendants. *See, e.g.,* ECF No. 126 at 3; ECF No. 127 at 2. Indeed, the parties' "incorporation by reference" of various arguments throughout their dismissal and amendment briefing confirms that central to resolution of both motions is the propriety of naming Wellpath and the Trust as nominal defendants. *See, e.g.,* ECF No. 130 at 1; ECF No. 132 at 1 n.1; *Chilcoat*, 41 F.4th at 1218 (observing overlap in futility and plausibility analyses). The Court agrees with Plaintiff that amendment to name Wellpath and the Trust as nominal defendants in this action is proper.

Defendants fundamentally argue such an amendment would be futile, "because no applicable insurance proceeds remain for this claim." ECF No. 131 at 2; *see also* ECF No. 126 at 3 ("This Court should dismiss Wellpath as a nominal defendant, as no insurance proceeds remain on this claim."). But contrary to Defendants' arguments, no authority—statutory, decisional, or the bankruptcy court's orders in the underlying bankruptcy case—demands that insurance funds *must* be available for Plaintiff to amend to include Wellpath and the Trust as nominal defendants, particularly where Plaintiff seeks to litigate Defendants' liability with Wellpath named in a nominal capacity. *See* ECF No. 127 at 4; *In re Peterson*, 118 B.R. 801, 804 (Bankr. D.N.M. 1990) ("[Section] 524 does not *prohibit* the continuance of litigation *against the debtor* in order to *permit* an insurance recovery.") (emphases added); *Green v. Welsh*, 956 F.2d 30, 35 (2d Cir. 1992) ("[Section] 524 permits a plaintiff to proceed against a discharged debtor solely to recover from the debtor's insurer. Applied here, this principle permits [the plaintiff] to continue her suit [in

2

order] to establish liability as a precondition to recovery . . . ."); *First Fid. Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993) ("[T]he protection from liability afforded the debtor under the Code does not affect *the liability* of the debtor's insurers.") (emphasis added); *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986) ("Were we to not permit the state court action to proceed, the insurance company would in effect escape potential liability . . . ."). In the words of the Tenth Circuit, "[a]lthough § 524(a)(2) prohibits actions brought to collect a discharged debt from the debtor, it permits suits—even those brought to collect on debts a debtor has discharged—that formally *name the debtor as a defendant* but *are brought to collect from a third party*." *In re Paul*, 534 F.3d 1303, 1307 (10th Cir. 2008) (citations omitted); *see also In re Jason Pharms., Inc.*, 224 B.R. 315, 322 (Bankr. D. Md. 1998) ("[A] party who is derivatively liable for the indebtedness of the debtor, such as its insurer, remains so after confirmation and the debtor's discharge."); *Matter of Edgeworth*, 993 F.2d 51, 54 (5th Cir. 1993) ("The 'fresh-start' policy is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." (quotations omitted)).

Defendants' citation to a document prepared by the Trust providing its *interpretation* of the bankruptcy court's orders—essentially a position paper—in support of its argument that Plaintiff cannot name the Trust as a nominal defendant is not binding authority the Court must accept in its analysis of the parties' motions. *See, e.g.,* ECF No. 126-1; ECF No. 131 at 3, 6. Indeed, the document itself states that it is "a letter [that] is provided for *informational purposes only* . . . ." ECF No. 126-1 at 5 (emphasis added). The Trust document and Defendants' arguments based on it are particularly

3

unpersuasive, given the bankruptcy court's orders do not *demand* that Plaintiff engage in trust distribution procedures to proceed with litigating his claims in this case or naming the Trust as a nominal defendant. *See* ECF No. 122-3 at 2 (explaining that wrongful death plaintiffs "are subject to" trust distribution procedures, including "non-binding [ADR]," but that plaintiffs "may *also seek* determinations of the [Wellpath's] liability by the appropriate civil court . . . with the [Trust] as a nominal party . . . to the extent such inclusion is necessary *to recover* against available third-party insurance proceeds or an unreleased Non-Debtor") (emphases added). And Plaintiff persuades that litigation against Wellpath and the Trust as nominal defendants will at least "establish or liquidate the amount of [his] claim for distribution under the Plan from the [Trust.]" ECF No. 122-3 at 2; *see also* ECF No. 127 at 5.

Indeed, other courts, including courts in this judicial district—as well as the bankruptcy court itself—have permitted plaintiffs to amend complaints and for their claims to proceed against Wellpath and the Trust as nominal defendants. *See, e.g.* ECF No. 135-1 at 1 (finding and ordering that a plaintiff "may proceed against former Wellpath as a nominal defendant" in Illinois federal court, as well as that she "may elect to add [the Trust] as a second nominal defendant" and that plaintiff was "not required to participate in the [ADR] process to liquidate her [Wellpath] claims"); *Hirsch v. Will County et al.*, Case No. 19–cv–7398 (N.D. Ill.), ECF No. 709; *Romero et al v. Wellpath, LLC et al.*, Case No. 1:24–cv–997–SKC–KAS (D. Colo.), ECF No. 88.

Simply put, the parties may litigate liability, and later, if necessary, attempt to resolve any appropriate remedy in light of what insurance proceeds remain available. But

4

adopting Defendants' position—that insurance proceeds must first be available to litigate liability before Wellpath and the Trust can be named as nominal defendants—flips civil litigation on its head. *See, e.g., In re Mann*, 58 B.R. at 959 ("To preclude [the plaintiff] from proceeding with the state court action effectively *prevents any possibility of recovering* for her alleged damages.") (emphasis added). At bottom, the Court agrees with Plaintiff that although he may not collect from Wellpath itself, he is not prohibited from proceeding with litigation where Wellpath and the Trust are named as a nominal defendants. *See* ECF No. 127 at 7.

The Court's conclusion—that naming the Trust and Wellpath as nominal defendants is permissible—is bolstered by Plaintiff's well-taken argument that doing so is central, as a practical matter, to completing discovery as to the other defendants in this case. ECF No. 127 at 7; *In re RS Air, LLC*, 651 B.R. 538, 544 (B.A.P. 9th Cir. 2023) ("[A] discharged debtor's obligation to participate in discovery is not an effort to personally collect a debt and does not violate the discharge injunction." (citations omitted)); *In re Paul*, 534 F.3d at 1207 ("[R]equiring a debtor to bear such collateral burdens of litigation as those relating to discovery . . . does not run afoul of § 524(a)(2)." (citations omitted)). And Defendants' efforts to portray Plaintiff's litigation efforts as dilatory, *see* ECF No. 131 at 4, are an inadequate justification to deny leave to amend. *See* ECF No. 135 at 6.

Consistent with the above analysis, Plaintiff's proposed amendments are not futile and granting leave to amend is proper, particularly where Plaintiff diligently sought amendment following the underlying bankruptcy orders' issuance. *See, e.g., Egbert v. Griswold*, No. 1:22-cv-02943-SKC-CYC, 2025 WL 2029922, at *1 (D. Colo. July 21,

5

2025). Accordingly, The Court DENIES Defendants' Motion to Dismiss Wellpath, ECF No. 126, and GRANTS Plaintiffs' Motion for Leave to File Second Amended Complaint, ECF No. 127. The Clerk of Court shall accept Plaintiff's Second Amended Complaint and Jury Demand, ECF No. 127-1, for docketing.

DATED this 23rd day of September 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

6