IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

    Plaintiff,

v.

BOARD OF COUNTY COMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF REGINA MARINELLI;
WELLPATH, LLC, as a nominal defendant;
MATTHEW J. DUNDON, TRUSTEE OF WELLPATH HOLDINGS, INC. LIQUIDATING TRUST, as a nominal defendant;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

    Defendants.
_____

**OBJECTION TO MAGISTRATE'S MINUTE ORDER [Doc. 143] DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER [Doc. 138]**
_____

Plaintiff, through undersigned counsel, respectfully requests that this Court overrule Magistrate Judge Starnella's Minute Order, [Doc. 143], denying Plaintiff's Motion to Amend the Scheduling Order, [Doc. 138], and states in support the following.

    **I.    LEGAL STANDARD**

When reviewing an objection to a magistrate judge's ruling on a non-dispositive matter, the order must be set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Ariza v. U.S. West Communs., Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996). Because Magistrate Judge Starnella abused her discretion in denying Plaintiff's Motion to Amend, this Court must overrule the order. *See Ariza*, 167 F.R.D. at

133.

## II. Application

Magistrate Judge Starnella abused her discretion in denying Plaintiff's Motion to Amend the Scheduling Order ("Motion to Amend"), which sought a two-month extension to the expert disclosure deadline, because she afforded absolutely no weight to Plaintiff's argument that the extension was necessary due entirely to circumstances beyond Plaintiff's control. Ever since this case was reopened after the stay due to Defendant Wellpath's bankruptcy, counsel for Wellpath has failed to produce a witness for a Fed. R. Civ. 30(b)(6) deposition. Yet Plaintiff needs to conduct that deposition before finalizing expert witness disclosures so that Plaintiff's experts can rely on evidence from that deposition. Nevertheless, to this day, Plaintiff has yet to depose a representative due to Wellpath's delay in designating a Rule 30(b)(6) witness. Accordingly, to avoid punishing Plaintiff for conduct of other parties, this Court must set aside Magistrate Starnella's order and grant an extension to the expert disclosure deadlines.

After this Court reopened the case when the bankruptcy stay concluded, [Doc. 124], a status conference was held on June 30, 2025. Magistrate Judge Starnella, with no objection from counsel for Wellpath, set the following amended discovery deadlines:

Plaintiff's affirmative expert deadline: September 30, 2025

Defendants' affirmative expert deadline: October 30, 2025

Rebuttal expert deadline: December 1, 2025

Discovery cutoff: January 5, 2026

2

      Dispositive motions deadline: February 4, 2026

[Doc. 125]. In Plaintiff's Motion to Amend, Plaintiff sought a two-month extension to the deadlines, as follows:

      Plaintiff's affirmative expert deadline: December 1, 2025

      Defendants' affirmative expert deadline: December 30, 2025

      Rebuttal expert deadline: February 2, 2026

      Discovery cutoff: May 7, 2026 [intended to be March 2, 2026]

      Dispositive motions deadline: June 4, 2026 [intended to be April 1, 2026][1]

[Doc. 138]. Counsel for Defendants Jefferson County and Sheriff Marinelli stated their clients did not oppose the relief sought in the Motion to Amend. *Id.* Counsel for Wellpath and the Individual Medical Defendants, while initially opposing the Motion solely because Plaintiff's expert deadline had passed the day before the conferral, later filed a Notice of Non-Opposition on October 23, 2025 (several days before Magistate Judge Starnella issued her minute order), stating that these Defendants no longer opposed the Motion to Amend. [Doc. 142].

Plaintiff sought the extension in order to complete a Rule 30(b)(6) deposition of Defendant Wellpath's designee and provide testimony from the deposition to Plaintiff's expert(s) to review before Plaintiff's expert disclosures are made. The Rule 30(b)(6)

---

[1] As Magistrate Judge Starnella points out in her minute order, Plaintiff erred in calculating a two-month extension for the discovery cut-off and dispositive motions deadline (requesting a four-month extension instead), [Doc. 143] at n.1, but a calculation error should not form the basis of such a prejudicial ruling. Extending all deadlines by two months, as initially intended, likely would not cause the need to reschedule the pretrial conference, but Plaintiff would defer to the Court in that respect.

3

deposition had not yet occurred due to Wellpath's attempt to be removed as a Defendant in the case and its subsequent delay in designating a corporate representative to be deposed – which continues to this day.

More specifically, on July 14, 2025, Defendants filed a Motion to Dismiss Wellpath as a Defendant. [Doc. 126]. The same day, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, seeking leave to convert Defendant Wellpath to a nominal Defendant and add the Wellpath Liquidating Trust as a nominal Defendant [Doc. 127]. In its response to Plaintiff's Motion to Amend, Wellpath stated it "would likely oppose any request to depose Wellpath's Rule 30(b)(6) [designee], as all claims against Wellpath were extinguished in bankruptcy and therefore Wellpath no longer possess[es] information relevant to Plaintiff's claims." [Doc. 131] at 5, n.4.

On September 15, 2025, Plaintiff's counsel asked counsel for Wellpath if Wellpath intended to maintain this position (that it would oppose a request to depose a Rule 30(b)(6) designee), in which case Plaintiff would need to initiate discovery dispute procedures with the Magistrate Judge. Alternatively, Plaintiff gave Wellpath the option to respond to Plaintiff's Rule 30(b)(6) notice, which was sent before Wellpath declared bankruptcy in 2024 after multiple rounds of conferral and a discovery dispute conference with the Magistrate Judge, by naming Wellpath's designee(s). Counsel for Wellpath responded that whether Wellpath would agree to a deposition, and the scope of topics it would agree to, depended on the Court's ruling on Wellpath's Motion to Dismiss, and that once that was issued, they would respond. Counsel for Plaintiff replied that since there was no stay of discovery, the Parties would need to initiate

4

discovery dispute procedures with the Court to determine if Wellpath was entitled to pause discovery in this fashion. However, two days later, on September 23, 2025, before Wellpath responded regarding the need to initiate a discovery dispute conference, this Court issued its order denying Wellpath's Motion to Dismiss. [Doc. 136].

Plaintiff's Second Amended Complaint was entered as the operative Complaint on September 23, 2025. [Doc. 137]. That same day, after this Court's order was issued, Plaintiff's counsel requested that Wellpath respond to the Rule 30(b)(6) notice. Two days later, on September 25, 2025, Plaintiff's counsel followed up on this request and stated Plaintiff would initiate discovery dispute procedures if Wellpath had not responded by the close of business the following day. On September 26, 2025, Wellpath's counsel responded that further conferral on the Rule 30(b)(6) topics was necessary. Due to both counsel's schedules, as explained in the Motion to Amend, counsel were unable to set a phone call for such conferral until October 1, 2025, the day after Plaintiff's affirmative expert disclosure deadline. However, Plaintiff believed it would be better to file the Motion to Amend after fully conferring even though that meant technically the deadline passed before the Motion was filed. In making this decision, Plaintiff considered that the discovery cut-off deadline had not elapsed, rather than focusing on the interim deadlines.

Based on the conferral with Wellpath's counsel, Plaintiff's counsel believed that Wellpath would agree to designate a Rule 30(b)(6) witness and the deposition would proceed within 30 days after the Motion to Amend was filed. Yet despite multiple

5

requests and follow-ups by Plaintiff's counsel, Wellpath has yet to designate a witness. Wellpath counsel's last communication on the topic occurred on October 24th, with a statement that counsel was "hopeful" to get dates for the deposition the following week. Plaintiff may need the involvement of this Court or Magistrate Judge Starnella to compel the production of a witness, but counsel hopes that step will not be necessary.

Ultimately, because of Wellpath's position that it would not participate in a Rule 30(b)(6) deposition while its Motion to Dismiss was pending, Plaintiff was unable to move forward with the discovery necessary to complete Plaintiff's expert disclosures. Once the order on the Motion to Dismiss and Motion for Leave to Amend had been issued, and Wellpath agreed to produce a witness for the deposition, Plaintiff anticipated that a two-month extension to the expert disclosure deadlines (and commensurate extension to the other case deadlines) would be sufficient to complete the deposition and expert disclosure.

In denying Plaintiff's Motion to Amend, Magistrate Judge Starnella did not address Plaintiff's main basis for the requested extensions, that due to Wellpath's refusals and delay, Plaintiff could not meet the previously scheduled deadline. Magistrate Judge Starnella failed to balance any neglect or other blameworthy conduct by Plaintiff against prejudice Plaintiff would suffer in denying the Motion to Amend. Denying the Motion to Amend rewarded Wellpath for its strategy of obstruction and delay, which continues to this day, while punishing Plaintiff for circumstances outside of Plaintiff's control. Magistrate Judge Starnella further gave no weight to the fact that the Motion to Amend was unopposed, indicating that no party would be prejudiced by

6

granting the Motion. Because Magistrate Judge Starnella did not take into account the relevant factors and equities, she abused her discretion in denying the Motion to Amend.

Therefore, Plaintiff respectively requests the two-month extension to the remaining case deadlines, as set forth above, so that the Rule 30(b)(6) deposition can occur and Plaintiff's expert can review the deposition transcript before expert disclosures are made.

WHEREFORE, Plaintiff respectfully requests that this Court overrule Magistrate Judge Starnella's Minute Order, [Doc. 143], and grant Plaintiff's Motion to Amend the Scheduling Order, [Doc. 138].

Respectfully submitted this 10th day of November 2025.

*s/ Liana Orshan*
David Lane
Liana Orshan
Killmer Lane, LLP
1543 Champa Street, Ste 400
Denver, CO 80202
Phone: 303-571-1000
dlane@killmerlane.com
lorshan@killmerlane.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

  I certify that on this 10th day of November 2025, I filed a true and correct copy of the foregoing with the Court via CM/ECF which will generate emailed notice to the following:

Dan Struck
Ashlee B. Hesman
Kristina Rood
Struck Love Bojanowski & Acedo, PLC
3100 W. Ray Road
Suite 300
Chandler, AZ 85226
dstruck@strucklove.com
ahesman@strucklove.com
krood@strucklove.com
*Counsel for Wellpath, LLC and Individual Defendants*

Eric Butler
Rebecca Philana Klymkowsky
JeffCo County Attorneys
100 Jefferson County Parkway, Ste 5500
Golden, CO 80419
Phone: 303-271-8932
Fax: 303-271-8901
ebutler@co.jefferson.co.us
rklymkow@co.jefferson.co.us
*Attorneys for Jefferson County, Colorado*

                *s/ Liana Orshan*

8