IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02281-CNS-KAS

RONALD RAYMOND ROGACKI,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY, COLORADO;
JEFFERSON COUNTY SHERIFF REGINA MARINELLI;
WELLPATH, LLC, as a nominal defendant;
MATTHEW J. DUNDON, TRUSTEE OF WELLPATH HOLDINGS, INC. LIQUIDATING TRUST, as nominal defendant;
DAVID M. JACKSON, MD, individually; and
JOHN J. ARCHARD, MD, individually,

    Defendants.

## DEFENDANTS' MOTION TO EXTEND ALL UNEXPIRED CASE MANAGEMENT DEADLINES

Defendants David M. Jackson, MD, and John J. Archard, MD (collectively, "Individual Defendants"), Wellpath, LLC, a nominal defendant ("Wellpath"), Board of County Commissioners of Jefferson County and Jefferson County Sheriff Jeff Shrader (collectively "County Defendants") (collectively, "Defendants"), move to extend all unexpired case management deadlines by 60 days. This is Defendants' first request to extend case management deadlines. D.C.COLO.LCivR 6.1(b).[1]

---

[1] Defense counsel requested Plaintiff's position on their Motion. Plaintiff did not respond to Defendants' request for his position. D.C.COLO.LCivR 7.1(a).

**I.    Background**

On November 14, 2024, Wellpath filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (Dkt. 116.) On February 11, 2025, the Court administratively closed the case subject to any party moving to reopen it for good cause. (Dkt. 120.) The parties provided a Status Report on June 10, 2025, notifying that the bankruptcy stay was lifted as to Non-Debtor Defendants, to include Drs. Archard and Jackson and County Defendants. (Dkt. 122 at 2–3.) Defendants also advised that Plaintiff's claims against Wellpath had been discharged in bankruptcy. (*Id.* at 3.) The Court reopened this case on June 16, 2025. (Dkt. 123.) The Court held a status conference on June 30, 2025, and set the deadlines for Plaintiff's expert disclosures as September 30, 2025, Defendants' expert disclosures as October 30, 2025, rebuttal expert disclosures as December 1, 2025, discovery cut-off as January 5, 2026, and dispositive motions as February 4, 2026. (Dkt. 125 at 1–2.)

Despite that Plaintiff's expert disclosure deadline was September 30, 2025, Plaintiff did not disclose his expert witnesses on that date. Instead, Plaintiff filed his sixth request to extend case management deadlines on October 2, 2025. (Dkt. 138.) Magistrate Judge Starnella denied Plaintiff's request on October 27, 2025. (Dkt. 143.) On November 10, 2025, Plaintiff filed an "Objection to Magistrate's Minute Order [Doc. 143] Denying Plaintiff's Motion to Amend Scheduling Order." (Dkt. 144.) The Court sustained Plaintiff's objection and overruled Magistrate Judge Starnella's Order. (Dkt. 145.) The Court reset case management deadlines as follows:

- Deadline for Plaintiff's expert disclosures: December 1, 2025;

- Deadline for Defendants' expert disclosures: December 20, 2025;

- Deadline for rebuttal expert disclosures: February 2, 2026; and

- Deadline for discovery: March 6, 2026.

(*Id.*) Plaintiff timely filed his expert disclosures on December 1, 2025. Defendants now move to extend all unexpired case management deadlines.

## II. Good Cause Exists to Extend All Unexpired Case Management Deadlines.

Here, good cause exists warranting an extension of all unexpired case management deadlines. Undersigned counsel will be moving to withdraw as counsel of record for Defendants.[2] An extension of all unexpired case management deadlines is therefore necessary to allow time for Defendants to retain new counsel and prepare expert deadlines accordingly.

## III. Conclusion[3]

For the foregoing reasons, Defendants respectfully request that the Court extend all unexpired case management deadlines as follows:

- Deadline for Defendants' expert disclosures: February 18, 2026;

- Deadline for rebuttal expert disclosures: April 3, 2026; and

- Deadline for discovery: May 5, 2026.

---

[2] Defense counsel will explain the basis for their withdrawal in a separately filed Motion to Withdraw.

[3] Defense counsel certify that they served a copy of their Motion to Extend All Unexpired Case Management Deadlines on their client. D.C.COLO.LCivR 6.1(c).

| | |
|---|---|
| Dated:  December 19, 2025 | Respectfully submitted,<br><br>s/ Kristina R. Rood<br>Daniel P. Struck, #012377<br>Ashlee B. Hesman, #028874<br>Kristina R. Rood, #035097<br>STRUCK LOVE ACEDO, PLC<br>3100 West Ray Road, Suite 300<br>Chandler, Arizona 85226<br>Phone: (480) 420-1600<br>Fax: (480) 420-1695<br>dstruck@strucklove.com<br>ahesman@strucklove.com<br>krood@strucklove.com<br><br>*Attorneys for Defendants Jackson, Archard, BOCC of Jefferson County, Shrader, and Wellpath, LLC* |

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 19th day of December 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>David A. Lane
>Michael Fairhurst
>Liana G. Orshan
>KILLMER LANE, LLP
>1543 Champa Street, Suite 400
>Denver, CO 80202
>dlane@killmerlane.com
>mfairhurst@killmerlane.com
>lorshan@killmerlane.com
>*Attorneys for Plaintiff*
>
>Rebecca Klymkowsky
>Eric Butler
>JEFFERSON COUNTY ATTORNEY'S OFFICE
>100 Jefferson County Parkway, Suite 5500
>Golden, Colorado 80419
>rklymkow@co.jefferson.co.us
>ebutler@co.jefferson.co.us
>*Attorneys for Jefferson County, Colorado*

s/ E. Percevecz